# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

**SHORT CAPTION:** Atlas Data Privacy Corporation, et al. v. Searchbug, Inc., et al.

**USCA NO.:** 25-1586

**LOWER COURT or AGENCY and DOCKET NUMBER:** District of New Jersey, No. 1:24-cv-05658-HB

**NAME OF JUDGE:** Hon. Harvey Bartle III, U.S.D.J.

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Plaintiff-Appellee Atlas Data Privacy Corporation ("Atlas"), as the purported assignee of more than 19,000 "covered persons" under Daniel's Law, N.J.S.A. 56:8-166.1, et seq., as well as Plaintiffs-Appellees Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (collectively with Atlas, "Appellees") have asserted claims against Defendant-Appellant Searchbug, Inc. ("Appellant") alleging violations of Daniel's Law for purportedly failing to honor removal requests that Atlas sent for approximately 19,000 covered persons. Appellees seek injunctive relief, actual damages of not less than $1,000 in liquidated damages per violation, punitive damages, and attorneys' fees and costs. Assuming each covered person or individual plaintiff asserts just one violation, the amount in controversy exceeds $19 million.

Appellant joined in a Consolidated Motion to Dismiss that sought dismissal of the Complaint on the basis that Daniel's Law is facially unconstitutional because it violates the First Amendment. On November 26, 2024, the District of New Jersey entered an Order and Memorandum denying such Motion, which is the basis of this appeal.

**LIST and ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

November 26, 2024 Order denying the Consolidated Motion to Dismiss (ECF No. 26)

November 26, 2024 Memorandum setting forth reasons for denying Consolidated Motion to Dismiss (ECF No. 25)

December 2, 2024 Order certifying the November 26, 2024 Order for immediate appeal under 28 U.S.C. 1292(b) (ECF No. 27)

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

New Jersey's Daniel's Law provides that, upon receipt of a written notice provided by a covered person, "any person or business association" shall not "disclose" or "otherwise make available" the covered person's home address or unpublished home phone number (the "Protected Information"). Daniel's Law defines the term "disclose" to encompass any transfer of Protected Information, including transfers between businesses, or even within the same business. It also contains a catchall phrase that prevents any person or business association from "otherwise mak[ing] available" any Protected Information. Daniel's Law is a strict liability statute that imposes mandatory "liquidated damages" of $1,000 per violation triggered by a short and arbitrary compliance deadline, without any consideration of fault or extenuating circumstances. At the same time, the statute contains broad-reaching exceptions—most significantly for disclosure of records by public agencies—that undermine the very purpose the statute was intended to serve.

Appellants are businesses that allegedly were sent thousands upon thousands of written notices to suppress Protected Information over the 2023 holiday season, who were then sued by Appellees alleging violations of Daniel's Law. Appellants moved to dismiss the Complaints on the basis that Daniel's Law is facially unconstitutional in violation of the First Amendment. On November 26, 2025, the District of New Jersey denied the Motion to Dismiss. Even though the District Court found that Daniel's Law is a content-based restriction on non-commercial speech with no express mens rea guardrails, it nevertheless created a blanket privacy exception to strict scrutiny and rewrote Daniel's Law to add a negligence requirement, the absence of which the District Court acknowledged would have invalidated Daniel's Law. Recognizing the novel and far-reaching issues at stake, the District Court certified its Order for immediate appeal under 28 U.S.C. 1292(b) by Order dated December 2, 2024.

Appellants filed their Joint Petition for Leave to Appeal on December 12, 2024, and this Court granted the Petition by way of Order and Notice dated March 18, 2025. See Case No. 24-8047, Doc. Nos. 22-1 and 22.-2

Identify the issues to be raised on appeal:

Whether the District Court erred in denying Appellant's Motion to Dismiss on the basis that New Jersey Daniel's Law is facially unconstitutional in violation of the First Amendment?

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this \_\_10th\_\_ day of \_\_April\_\_,20\_25\_.

/s/ Kelly M. Purcaro. Esq.
_____
Signature of Counsel

Rev. 07/2015